case number 09-0286, People v. George Randle. If both attorneys could step up and identify yourselves for the record. Good morning, Your Honor. My name is Brian Reyna. I'm with the Office of the State Appellate Defender and will be representing the Court. Mr. Reyna, you will have approximately 15 minutes and you may be seated to present your case and from that you can save out some time for rebuttal. Thank you, Your Honor. I would like to reserve a few minutes for rebuttal. All right. Have you argued here before? I have argued in front of not this division, but one other argument in front of what was at the time the First Division. All right. Well, good morning and welcome. Good morning. May it please the Court. I would like to argue issues one and two, those being that the State failed to prove its case beyond a reasonable doubt and that the trial court erred in denying Randle a continuance to call a witness whose testimony was expected to contradict the State's chain of custody evidence. With respect to argument one, the State's evidence in this simple possession case was unacceptably deficient. The State was required to do very little to prove its case. It needed only introduce the testimony of one police officer who could say that he saw police recover the items Randle dropped or make an in-court identification of the items as being those that Randle dropped. The State did not meet this burden. The State's sole testifying occurrence officer, Edward Carroll, lost sight of the items Randle dropped on a public sidewalk outside of a liquor store amongst a crowd of people in an area that police testified was known for narcotics sales. Carroll did not see his partner recover the dropped items. Carroll's partner, Officer Towne, did not testify in court. But the one police officer that did testify in court did say he observed him drop something to the ground, objects. He did say he observed him drop something to the ground. He never described the color of those items and never testified that the items shown to him by his partner were those items. Did he say that he did not believe that the defendant had anything in his right hand and in his left hand he was holding two bags until he dropped them? Your Honor, that's correct. Officer Carroll testified that he did not see Randle's version of events, that he had a grocery bag in his right hand. Carroll did not testify in court that he observed his partner pick up the dropped items. He did not testify in court that he observed his partner pick up the dropped items. That's correct, Your Honor. And it would be our argument that on the facts of this case with the fact that these items were dropped on a public sidewalk outside of a liquor store and a crowd of people, it's not a reasonable inference to conclude that there was a link between the dropped and recovered items. If there are no further questions on Why isn't there a reasonable inference? Because of the facts of the case. What facts of the case? The facts of the case are that there's no evidence linking the dropped items to recovered items and that these items that were seen, Carroll did see items Randle dropped. That's looking at the evidence in the light most favorable to the narcotics sales on a public sidewalk. Those are the facts. Didn't the officer say there was nothing else around? Didn't he testify to that? Officer Carroll testified that he did not search the ground before the items were dropped. He said he didn't observe any other items. That's correct. And he did testify that his partner showed him something. He did testify that his partner showed him something. He did not testify that those were the items himself. Well, he showed him packets. He showed him packets, they had a blue tint, and then they were eventually inventoryed. That's correct. And the items Carroll saw Randle dropped, he never has stated. So it can't be inferred that he picked up the packets that his partner also saw? Argument would be that on the facts of this case, that is not a reasonable inference. If there are no further questions, I would like to focus my attention on the second issue. With respect to the second argument, the trial court's denial of Randle's request for a continuance to call Officer Towne was an abuse of discretion that denied Randle the opportunity to present his defense. What was his defense? His defense was that the state's evidence was insufficient. Yes. Primarily because it was unable to establish a chain of custody. This case... Why would he want to put on the chain of custody? Well, it's the state's burden, of course, to establish a chain of custody. What would be the need or the reasoning behind a lawyer wanting to call in another officer to bolster the state's case? Well, Your Honor, it would be our argument that Towne's testimony would be detrimental to the state's case. It would not have bolstered the state's case. In what way would it be detrimental? The state's evidence at trial was that the state's evidence was insufficient. There was not a determination made on that fact. Carroll's testimony is very clear with the blue tint. The chemist testified that they were blue and that she could not recall whether they were tinted or opaque. Officer Towne has never identified these objects as blue. No, they were not introduced in court. No, she didn't identify the... I believe she actually had the packets. In court? I think so. No, the record discloses that the packets were not in court. Packets were not in court. No, absolutely not. The chemist read her report. I mean, it does occur that the chemist brings the packets, you know. Absolutely, and as I mentioned in the argument earlier on, an identification of the narcotics would have been necessary to link those dropped items to the recovered items. But in this case, the packets were not in court. It's a strong probability that the tested packets were blue. Blue, or were they clear with a blue tint? The chemist testified that they were blue and that she could not remember whether they were tinted. I think the important point here is that Officer Towne, whose testimony was not permitted, has never identified these packets as blue. There's no doubt that whether they were blue, dark blue, light blue, blue with a clear tint, there was an element of blue in these tested packets. There's no reason to believe here that Officer Towne recovered blue packets. The operative proof made by counsel was that she expected that Towne would testify either that the packets were clear, based on his suppression hearing testimony, or that the packets were red. Would you agree, Serena, that there's nothing inconsistent with clear and clear with a blue tint? I would say that there is a possibility of an inconsistency there. Is there, I mean, is there a difference between a baggie that is clear but has a blue tint? Is there a major or any kind of inconsistency with saying, you know, they were clear at the motion to suppress and then the other officer saying they were clear with a blue tint? Is there something about that that's really inconsistent? Absolutely, Your Honor. The inconsistency is that Towne has never said there was blue tint, blue coloring, blue anything associated with these packets. They were either clear or red. Then how do we know he would say that they weren't blue or clear? Well, operative proof, Your Honor, is what necessary. That is the reason counsel wanted to put the officer on the stand to inquire into these matters. And what is there in this record to show us that he would say that they weren't clear with a blue tint? Officer Towne's suppression hearing testimony had nothing to do with blue. Another way to look at counsel's operative proof is to say that she expected Towne to testify that the packets were not blue. They were either red or clear. Well, there's the next problem I have. Now, how do we know that he would have ever said this? Just to clarify. They were either red or what? Clear. Clear as a suppression hearing testimony and counsel made an offer of proof. In looking at the materiality of material. Right. She made this offer of proof, which does not need to disprove the state's chain of custody. No, but it has to give the reviewing court something to hang its proverbial hat on. Absolutely. And I believe the main point here that this court can hang its hat on is that Towne has never said the word blue. And the judge, in concluding that the state proved a sufficient chain of custody, said that Carol testified to blue and the chemist testified to blue. Towne has not stated blue. Blue tint. Well, the actual language by the judge in finding the state's chain of custody sufficient was blue. And I believe that's because the chemist did not, even though she was asked, never testified that the packets were clear with a blue tint. And what did she say about her opinion as to whether there was any inconsistency between the inventory and the actual substance she received? Her opinion was that there was not an inconsistency. I would note that the inventory she, when she received these items, never specified the color of the packet she was supposed to have expected to receive. Is there any significance to the fact that the chemist gave an opinion that what she saw described on the outer envelope and what she received was not inconsistent? No, I don't believe so, Your Honor, because the chemist cannot testify to what is a legal inconsistency. Perhaps for the sake of her testing, she didn't find that to be an inconsistency. But if what I was asking you earlier is correct, is that there is no inconsistency between a baggie that's clear with a blue tint and saying it was a clear packet. There's no inconsistency. By saying it's clear, you're not saying that it didn't have any tint to it. The issue, of course, is what was recovered and inventoried here. Yes, and that was a clear packet that was blue. With a blue tint, I should say. That was Carroll's testimony, correct. And Towne did not corroborate that testimony. His testimony of clear and red contradicts any finding that the packets were blue. I don't know where the red comes from. There's no report. There's nothing identified. There's nothing in the record that would in any way suggest that he ever described it as red. Your Honor, I would disagree with that. Counsel made an offer of proof. She didn't make an adequate one. You have to give us something. I believe the State, if this were a false offer of proof, the State would have mentioned it. Why didn't she identify a report? Why didn't she put it in the record? There's nothing in the record that even, well, there's nothing to demonstrate that there's this report out there. Your Honor, I'd like to point out that Counsel actually, after giving her offer of proof, attempted to clarify her offer of proof, and the judge would not listen to that clarification. She was not allowed to clarify. Perhaps she could have put forth more into the offer. But again, the offer is not meant to disprove. It's meant to establish the materiality and relevance of the testimony. I don't know where she didn't let the offer of proof go forward. The next question that I have for you then is, she answered ready. The lawyer, the P.E., answered ready, put out her own case, and then said, oh, judge, I need a continuance. She answered ready twice, and the first time she answered ready, Towne was in court. The second time she answered ready, the State had picked this date to ensure that all of its officers were here. The State had represented to Counsel that they expected Towne to be in court. Now, let me ask you this. Is the public defender permitted to not subpoena witnesses and then ask for continuance when they haven't subpoenaed the witness? If there were no subpoena ever issued, I think that would be unreasonable. But in this case, where there was not only a subpoena, but a pro bono for the witness to disappear. The record does not support any suggestion that the State ever subpoenaed those police officers. They don't have to subpoena the officers. They make a phone call, and they say, this is when you have to be here. The record does not show any evidence of a subpoena issued to Officer Towne, to Officer Carroll, to any of the officers. Your Honor, the State has never argued that Towne was not under subpoena. Their argument was that only the defense subpoenas were continued, which I think is belied by Judge Dugie's language saying any subpoenas here are continued. So I would disagree that the record does not show that Towne was under subpoena. It's our position that it does, and the State has never suggested otherwise. A subpoena to one does not transfer over to the public defender. The public defender cannot rely on somebody else's subpoena and say, I subpoenaed the witness. That's why the judge kept asking her, check your records, did you subpoena anyone? She subpoenaed the two people that didn't show up, right? The people she subpoenaed didn't show up, absolutely. Okay, who were they? Who did Defense Counsel subpoena? She subpoenaed the store clerk, Yates, and another officer, Officer Borough. And that's a point that I think is worth discussing because it was counsel who ensured, brought this to the trial court's attention to make sure all of the subpoenas were continued. And I think at that point if the court did not want to continue all of the subpoenas or only the defense subpoenas, it would have been giving counsel an opportunity then to say, you know, we need to now issue a subpoena for Towne if that subpoena is not going to be continued. She was only given that opportunity. Is there any case authority that permits a public defender to claim that they have a right to a witness that they didn't subpoena? You didn't cite any cases, and I'm not aware of any, that would give the public defender the right to answer ready for trial without having checked out the necessary witnesses. And I don't think that the subpoena that you say was issued for the officers somehow transfers to another attorney. There's no case law that would allow an attorney to rely on somebody else's work to present their case. I have two points in regard to that, Your Honor. First is that, of course, counsel needed to be diligent here. Counsel can be diligent even without issuing a subpoena. If there's a, the record shows a reasonable, that she had a reason to rely on the officer's presence. And I believe on this record where the state picked the date. What case are you citing for that, Mr. Reynolds? That's Tim's. And what does Tim's tell us? Tim's, I believe, stands for the legal principle that if there's a reasonable expectation that counsel could expect a witness's appearance, that she could be diligent even in the absence of issuing a subpoena. And I would also point out that we do have the alternative argument that counsel was, her performance was deficient for not issuing the subpoena. And actually, counsel's on record saying, I made a mistake. So we know that if we're looking at the alternative argument, that counsel's performance was not strategic here. This was an oversight. If a subpoena, if a redundant subpoena was required in that case, then counsel would be ineffective. What do we do with the trial court's determination where she, in denying the new trial, said that I heard the witnesses, I made credibility determinations, I believed the officer, I did not believe the defendant's testimony, and I don't believe that if the officer came in, it would have changed the outcome. What do we do with that? Your Honor, once Towne's testimony was introduced and contradicted the existing testimony as to the chain of custody, again, there was no blue coming from Towne. If he gave, the testimony he gave at the suppression hearing, this would be contradictory. Well, wait a minute. Are you comparing his testimony that's not in the record? I'm talking about the testimony in the offer of proof that the judge said he considered. Had that testimony... That she considered. She considered. Excuse me. Had that testimony actually been considered, it would have been the State's burden then to explain this discrepancy. And there was no explanation given. So the court actually could not have considered this testimony. Is there a discrepancy when you're talking about a motion to suppress versus what's presented in the trial? In terms of the testimony given at the motion to suppress? Yes. How is there a discrepancy when there's no testimony presented about the officer when the judge is the fact finder? Are you saying that the judge should be relying on what was presented at a motion to suppress? No, Your Honor. The judge said, I believe your question was that the judge considered the offer of proof. Yes. The offer of proof was clear and read. That contradicts the evidence of blue packets. And had the judge considered that, she would have needed to consider an explanation as to why there was this discrepancy. And no explanation was ever offered. Additionally, the judge's language in finding a sufficient chain of custody says there is a sufficient chain. We have Carroll testifying they're blue. We have the chemist testifying they're blue. That does not show consideration of the offer of proof. I don't understand the red. Are you arguing it's the red or are you arguing it's clear? We're arguing actually, Your Honor, is that I think another way to look at counsel's offer of proof is, she wasn't, Towne didn't testify, she wasn't permitted to call Towne to the stand, so she can't say what he actually would have testified to. She expected him to testify either red or clear. Another way of putting that is not blue. Right. Okay. I just, the problem I have is that there's nothing in the record to support any suggestion that there was a report out there that wasn't, that tells us that. We don't have the report. She didn't identify it. There is no report as far as I'm concerned because it's not in the record. So that's the problem. Clear doesn't, I don't think clear is inconsistent with, clear with the blue tint. And with red, there's nothing, there's nothing to support this offer. And the reviewing court has a right to an offer of proof that lets us know there is something there. That's the problem I have. There's no, no report. There's nothing that is here in the record. Absolutely. And more, this Court said that an offer of proof is necessary. And we did make this offer of proof here. The State never suggested a trial that there was no, not in existence of a vice case report. Well, they wouldn't stipulate. They wouldn't stipulate. That's correct. So there isn't a report. That's the problem. Well, that would have damaged their case. I think there's a strategic reason for them not to have stipulated. No, but there's nothing that would have prohibited her, the public defender, from marking the exhibit and reading it into the record so that we as a reviewing court could believe it. Again, the judge did not permit counsel to investigate that. I don't know where in the record you're suggesting that. I read the record. I don't recall the judge ever prohibiting her from doing anything about it. I did cite the page in my brief, Your Honor, and I'd be happy to, on rebuttal, to look into that and bring that page cite to you. All right. So you want to save the rest of your time? That would be fine. Yes, Your Honor. I would just make the final point that the judge showed no thoughtful consideration of the defendant's right here to a fair trial, which is the most fundamental of rights. For these reasons, if there are no further questions, we would ask for an outright reversal on Issue 1, and we would ask that this court grant Randall a new trial where he's able to present his full defense. Thank you, Your Honor. Harper? Good morning. Good morning. May it please report again, I am Assistant State's Attorney Anastasia Harper, appearing on behalf of the people of the State of Illinois. The trial court in this matter properly found the defendant, George Randall, guilty of possession of a controlled substance, specifically heroin, following overwhelming evidence of the defendant's guilt. The trial court did exactly what we ask a fact finder to do, which is listen to the evidence, evaluate the credibility of the witnesses, and make factual determinations following the evaluation of that evidence. The trial court heard from both of the State's witnesses, the officer and the chemist, and concluded that both witnesses testified clearly and consistently that the defendant, George Randall, dropped from his left hand in front of that liquor store two items, specifically clear blue tinted packets of heroin. Those were recovered immediately by Officer Town, kept in his continuous care and custody, and then they were properly inventoried pursuant to Chicago Police Department procedures, and then transported to the Illinois State Police Crime Lab, where they were received by the chemist in a heat sealed condition, the inventory number matched, the description on the inventory matched. She analyzed that and determined it tested positive for the presence of heroin. The trial court was entirely proper in rejecting the defendant and his girlfriend's testimony. The trial court found that testimony to be... She did, Your Honor. And the story at both the motion and the trial was wholly incredible. The story submitted by the defendant was that on that day, he was minding his own business in front of the liquor store when Chicago police officers, apparently having nothing else to do, came up and planted on him two packets of heroin. Well, they did that according to the theory that you're now apparently suggesting at the police station. Isn't that true? Isn't that where he first saw the packets? The defendant testified he first saw the packets at the police station? Yes, Your Honor. That was his contention that he was picked up in front of the store, driven to his house where the police allowed him to drop off his items, which doesn't seem to add up with the impropriety, one could say, of planting evidence on somebody and then being so kind as to let him drop off his groceries. Is the standard of review that we're looking at for reasonable doubt that you have to show overwhelming evidence? Absolutely not. The standard of review is that viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty of this crime. And certainly any rational trier of fact could have looked at this very straightforward case and found that the defendant was in possession of heroin. All reasonable inferences are to be taken in the State's favor, and those inferences clearly add up to this person in possession of two packets of heroin. Is there something inconsistent with red and blue? Well, on its face, yes. However, the record is wholly devoid of any reference to this vice case report. It was not included during an offer of proof following the request for a continuance. It was not included. The vice case report was not attached to a motion to reconsider. There were many opportunities for defense counsel to make that vice case report part of the record on appeal, but we don't have it. I would submit that if it did have a reference to red, that it would be a mistake. This wouldn't be something that would be any kind of inconsistency in the State's case. What's more, the trial- Well, I think there's an inconsistency, generally speaking, between two different colors. I would agree, Your Honor. But we don't know that there was two different colors. Officer Town testified at the motion that the packets he saw and that he recovered were clear. Officer Carroll testified at the trial that the packets he saw and that were recovered were also clear and blue and tinted. The chemist corroborates this with her notes that recorded the color of the packets as blue. So what we have is a continuous consistency running through the motion, the trial, and especially the chemist's notes that all record these two packets as being clear, blue, and tinted. What are the factors the court is supposed to look at in deciding whether or not to grant a continuance? Well, the court actually looks at three factors, whether the attorney was diligent in securing the witness, whether the evidence that they would like to elicit is material, and whether the defendant was prejudiced in the ruling. And certainly the trial court had the discretion, and it was within her discretion, to deny the continuance following all of the evidence that was put onto the record, most specifically that this witness was never under subpoena by the defense. The defense had never subpoenaed Officer Town even for the first time this case was set for trial. They had instead subpoenaed Officer Bora. There's no indication that defense counsel had planned on calling Officer Town. Each party is in charge of securing its own witnesses, and if a party wants to secure that witness's testimony, that party is under the obligation to issue a subpoena for that witness. Having never issued the subpoena and having answered ready and in fact proceeded almost all of the way through trial before asking for a continuance, counsel was not diligent. Well, she did in fact finish her. Didn't she put on everything she had and then ask for a continuance? Yes. Would it make a difference if the attorney had asked for a continuance before the proceedings began? It very well might have. It's difficult to say. Well, I'm talking about in terms of reviewing this. No, not on review, Your Honor. Well, if someone asks for a continuance before they've put on any evidence and the court says, no, I'm not giving you a continuance, as opposed to that attorney answering ready, going through the whole state's case, cross-examining the witnesses, calling two witnesses, and then saying, oh, by the way, Judge, I'd like a continuance. Yes, certainly that makes a difference. Yes, Your Honor, I would agree with that. If counsel had said at the beginning, Your Honor, Officer Towne is not here, I would like a continuance, then the whole thing could have taken a different course. The proper course, when a witness doesn't appear pursuant to subpoena, is to ask to issue a rule to show cause so that witness can appear in court and explain his or her absence. It allows that witness to come before the court and explain why they should not be held in contempt of court for failing to appear. But again, we don't know that Officer Towne was ever under subpoena, even at the first court date. It's possible he was subpoenaed for a different case and agreed to come over to testify in the case against George Randall. The record is silent as to whether he even appeared at the first court date. So the judge continuing... Well, isn't there some suggestion that all the officers were there because the assistant state attorney said she was trying to figure out a date when she could have all of the officers back? Your Honor, I didn't finish my phrase, which was appeared pursuant to subpoena. Yes, we would agree that Officer Towne was in court that first date and that the efforts were made to find a court date that would accommodate all of the witnesses. Is there anything in the record that suggests that those officers were even there pursuant to a subpoena? No, Your Honor. So when the defense attorney said, Judge, would you continue the subpoenas, there's no way of knowing on this record whether any of those officers were even there pursuant to a subpoena. That's correct. All right. And I think what underscores both of these issues, both with the reasonable doubt and with the... Let me ask you a couple of questions. In your argument, I have questions. Are you telling me that there's nothing in the suppression hearings where the word red is mentioned? Not to my understanding, Your Honor. Have you read the record? Yes, Your Honor. So counsel is not telling the truth when he talks about red? Well, the word red appears during the offer of proof. At the trial? At the trial. And that's the only place it appears? Yes, Your Honor. That is the only place it appears. Yes. But the problem is that there's nothing in the record to support that it actually exists somewhere. That's correct. But at the motion to suppress, which is in the record, when the officer, I don't know if he was asked on direct or cross, basically said that the items recovered were clear. He doesn't say they were clear but not with any color. Like I said, I'd have to go back and read it again. But I don't see the inconsistency. If these were clear with a blue tint, I don't see any inconsistency with that and describing something as clear. Having a tint but being clear is not inconsistent. But no, there's nothing in the motion to suppress where anyone ever asked him about a red packet. There's nothing, no cross-examination. There's nothing there to say, well, doesn't your report say that the bag was red? That's not in the motion to suppress. And, again, there's nothing at the trial that we could actually, you know, put our hands on to see whether this red thing exists in reality or if it's simply a suggestion. And I think that's why the people's position was at trial and is today that the evidence was clear and wholly consistent. Let me ask you another question. You mentioned that you felt that the public defender was not diligent. So are you supporting their argument that there was ineffective assistance of counsel here? No, Your Honor. Well, then why do you say that they weren't diligent? I believe it's two different standards. The defense counsel was not diligent does not necessarily mean that she was so ineffective as to not function as counsel as guaranteed by the Sixth Amendment. So it's actually two different standards. A lack of diligence certainly occurred here. However, she was not so deficient in her performance as to deny counsel as to not function as counsel. So she was just a little bit deficient. She was deficient, yes. That's what we would maintain. Just a little bit, not a lot. She was deficient, yes, Your Honor, but did not. Enough to give a fair trial. Yes, Your Honor, certainly. And, of course, if somebody looks at a fair trial, it could be looked at the different eyes, the eyes of the state, the eyes of the public defender, as to what is a fair trial might be a little bit different, you might think. Well, and I think looking at the record on appeal, all reasonable inferences must be taken in the state's favor. And so what we have here is a case where there are consistencies throughout both the motion and the trial, and the only suggestion about red comes from something that's outside of the record that we can't fully answer. What's more, prejudice underscores both of these questions, and the defendant can't say that he was prejudiced in any way following the decision by the trial court to exercise his discretion and not grant the motion for a continuance. The trial court was exceedingly clear that had Officer Towne appeared, and had Officer Towne appeared and testified exactly the way that defense counsel had wanted Officer Towne to testify, that would have had no impact on the court's ruling. So Strickland advises us to dispose of an ineffective assistance of counsel claim pursuant to prejudice if we can. And certainly here we can. Because the trial court, both following the denial of the motion for a continuance and following the denial of a motion for a new trial, reiterated that the offer of proof would have had no bearing on the trial court's decision. The trial court evaluated the witnesses. The trial court saw how the witnesses testified, judged how they answered questions, their confidence, the way they told their stories. This is what we asked the trial court to do. The trial court evaluated the witnesses, made a decision, and following that offer of proof where defense counsel stated what she thought she would like Officer Towne to testify to, the offer of proof was wholly rejected as having absolutely no impact on the trial court's decision. So I think that the question of prejudice underscores both of these questions here. Yes, counsel was deficient in not securing a witness that she apparently wanted to have testify. However, the evidence was not material and the defendant was not prejudiced. And I would, again, submit that this deficiency does not rise to the level of ineffective assistance of counsel under Strickland, a much different standard. All right. Well, I'm not aware of a case that equates deficient with diligence, but I think that to say that she wasn't diligent, you know, perhaps she wasn't. I don't know. But I don't know that diligent equates to deficiency. Therefore, deficiency under Strickland, I mean, it's not the whole picture. And I know you're not conceding that, but I don't know a case that says deficient performance equals lack of diligence in, you know, one matter or one. And I would agree, Your Honor, I think that the, that there was a lack of diligence under the failure to secure that witness. But this isn't a deficiency that's so great as to deny or as to not function as counsel under the sixth amendment. I think those are two very separate questions. There are two different measures. And again, as I stated that with the Strickland inquiry, we, this question is easily disposed of by way of prejudice because of the trial court's ruling. Anything further, Ms. Harper? No, thank you, Your Honor. For the reasons stated today and for the reasons stated in our brief, we respectfully request that this court affirm the conviction of possession of a controlled substance. Thank you. Serena, brief rebuttal. I'd like to hear where you got the red from. Yes, Your Honor. Thank you. From counsel's offer of proof, her offer of proof was not, there's no suggestion. Her proof has to be based on something. It's not based on what. It was counsel's assertion that that is what Talon wrote in his vice case report. Even if Talon testified the packets were clear, I think this is critical. The evidence shows that the tested packets were blue. The chemist did not say they were tinted clear. She said blue. Clear is not blue. This is a contradiction that needed to be explained. I would like to point out that in denying the continuance, the primary, the first reason stated by the court was that this case had been set for trial before. I think this demonstrates an over-prioritization of wrapping up Randall's case. And there's simply no downside here to granting this continuance. In terms of the red being at the suppression hearing, the issue was not, of course, the chain of custody at the suppression hearing. The issue was whether officers had probable cause at that time. And then finally, if counsel was deficient, Randall is clearly prejudiced. His defense from the beginning of this case was that the state had not proved its chain of custody. This case was continued to get police officers in court who could testify to the chain of custody. And Randall was not able to present evidence that directly contradicted blue packets. Let me ask you this. The inventory slips part of the record. Isn't it? Yes. And it describes them as blue. The inventory slip does not describe the packets as blue. What does it describe? It does not describe the color of the packets. Well, there were reports apparently tendered in discovery, right? There were reports. I mean, if this was such an issue, why wasn't it flushed out at the motion to suppress to show that there was some inconsistency? Because the motion to suppress was regarding whether the officers had a probable cause to effectuate the arrest. Isn't there credibility significant at that time? Absolutely, Your Honor. Shouldn't they be impeached if they could be impeached? Well, counsel attempted to impeach them by calling witnesses who contradicted their testimony as to the version of events. That was her strategy in terms of to call it the officer's credibility into question. You agree. There's nothing in the motion to suppress that suggests that there were bags that were red. That did not come out in the motion to suppress. That is from the offer of proof. Absolutely. If there are no further questions, Your Honor, we respectfully request that you grant Randall a new trial so that he's able to present this evidence that contradicts the state's chain of custody and present his full constitutional right, excuse me, his full defense. The case was very well argued on both sides, very well briefed, and it will be taken under advice. Thank you, Your Honor.